UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JIM MCDUF,

    Plaintiff,

v.                                          Case No. 3:17cv909-LC-HTC

SERGEANT BARLOW,
LIEUTENANT CARR,
OFFICER SANTIAGO, and
OFFICER KASEY PHILLIPS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is brought to the Court on Plaintiff's First Amended Complaint (ECF Doc. 19). The First Amended Complaint was filed against Defendants Sergeant Dale Barlow ("Barlow"), Officer Kasey Philips ("Phillips"), Officer Shane Carr ("Carr") and Officer Jason Santiago ("Santiago") (collectively, "Defendants"). *See id*. Defendants Barlow, Phillips and Carr were served with the First Amended Complaint and Barlow filed a motion to dismiss (ECF Doc. 40), joined in or adopted by Defendant Carr (ECF Doc. 49) and Defendant Phillips (ECF Doc. 56). Defendant Santiago has not been served. For the reasons sets forth below, the undersigned recommends the Court grant the motion to dismiss as to Defendants Barlow, Carr and Phillips and, also, recommends the Court dismiss, without prejudice, the First Amended Complaint as to Defendant Santiago for failure to timely effect service of process.

## I. Defendant Santiago

Federal Rule of Civil Procedure 4(m) provides that the court "must" dismiss an action without prejudice against a defendant who has not been served within ninety (90) days of the filing of the complaint. In this case, the Court ordered service of the Amended Complaint on August 13, 2018 (ECF Doc. 33). The summons on Defendant Santiago was returned unexecuted on October 9, 2018. ECF Doc. 42. Subsequently, the Court entered an order (ECF Doc. 58) detailing the efforts by the Court and U.S. Marshal's office to locate and serve Santiago and instructing that, "[u]nless plaintiff can provide specific information leading to a service address for defendant Santiago, his claims against Santiago will be dismissed without prejudice under Rule 4(m)." *Id.* at 2-3. Plaintiff was also given fourteen (14) days "to show cause why his claims against Defendant Santiago should not be dismissed without prejudice." *Id.* at 3. Plaintiff did not respond to the order to show cause. Plaintiff has thus failed to serve Santiago or show good cause for failure to timely effect service on Santiago. Accordingly, the undersigned recommends Plaintiff's claims against Defendant Santiago be dismissed without prejudice.

## II. Defendants Barlow, Carr and Phillips.

Defendant Barlow filed a Motion to Dismiss Plaintiff's First Amended Complaint in its entirety. ECF Doc. 40. Defendants Carr and Phillips joined in the

Case No. 3:17cv909-LC-HTC

motion to dismiss. *See* ECF Doc. 49 (Notice that Defendant Carr adopted the Motion to Dismiss at ECF Doc. 40) and ECF Doc. 56 (Notice that Defendant Phillips adopted the Motion to Dismiss at ECF Doc. 40). Plaintiff responded in opposition, ECF Doc. 48. For the reasons which follow, the undersigned recommends that the motion to dismiss be granted as to Defendants Carr, Phillips and Barlow.

### A. Background

The following facts are taken from the allegations in Plaintiff's First Amended Complaint, ECF Doc. 19. On September 24, 2016, Plaintiff was housed in D-Dorm at Santa Rosa Correctional Institution. *Id.* at 5. While in his cell defecating and urinating in the toilet, two guards watched him and "made lewd comments." *Id.* Plaintiff filed two grievances about the comments, which he deemed "sexual harassment" under the Prison Rape Elimination Act. *Id.* On October 8, 2016, one of the guards came to Plaintiff's cell and "threatened and harassed" Plaintiff in retaliation for filing the grievances. *Id.* On November 15, 2016, Plaintiff "refused to come out of [his] cell for a 'call-out' because of fear of further retaliation." *Id.* He filed a "request form" about this as well. *Id.* Plaintiff also alleged that "[a]round this time, Defendant Sergeant Barlow made vague threats about retaliating for writing grievances on 'his' officers." *Id.*

The incident forming the basis of Defendant's Eighth Amendment and First Amendment claims allegedly occurred on December 26, 2016.[1]  According to Plaintiff's First Amended Complaint, on December 26, 2016, at around 8:46 a.m., Barlow allegedly made good on his vague threats.  Plaintiff was defecating and, because of the prior lewd comments, covered his cell door window to hide his "nakedness."  *Id*.  A few minutes later, Plaintiff heard Barlow falsely repeating that Plaintiff was being "unresponsive" even though Plaintiff had informed Barlow that he was merely defecating.  *Id*.  After Plaintiff quickly finished, he got up and immediately removed the item covering the cell door window, so that the officers could clearly see Plaintiff in the cell.  *Id*.  Despite this, Barlow, Carr, Philips and Santiago were preparing to enter the cell behind a large concave plexiglass shield.  *Id*.  The lead officer was able to see Plaintiff's face through the cell door window and looked directly at Plaintiff from inches away.  *Id*. at 5-6.

Barlow then ordered the cell door opened, and the four officers observed Plaintiff standing passively at the front of his cell.  *Id*.  They proceeded to push Plaintiff into the back of his cell with the plexiglass shield.  *Id*.  This caused Plaintiff to be beyond the range of the cell block cameras and the view of nearby inmates.  *Id*.

---

[1] Although Plaintiff has included in his statement of facts events alleging retaliatory events that occurred on September 24, 2016, and October 8, 2016, they do not form the basis of his suit and the officers identified in those incidents have not been named by Plaintiff as defendants.
Case No. 3:17cv909-LC-HTC

Barlow then ordered Plaintiff to lie down, which Plaintiff did immediately. *Id.* The officers then pinned him beneath the plexiglass shield, even though Plaintiff was not resisting. *Id.*

Being pinned left Plaintiff's head exposed and Plaintiff defenseless. *Id.* Barlow then proceeded to "kick and/or stomp the upper portion of my face and head into the hard, solid concrete floor." During this time, Carr, Philips and Santiago held Plaintiff down. *Id.* at 7. Plaintiff eventually lost consciousness. *Id.* He was taken to the nurse, who he claims recorded "the locations of injury but not the severity." *Id.* Over the next year, he experienced nausea, dizziness, vomiting, headaches, blurred vision, memory problems and pain in his right orbital socket. *Id.* at 9-12. Plaintiff further alleges in his First Amended Complaint that Barlow falsified his testimony and the records in the disciplinary proceeding:

> [A]ll of the records falsified by Barlow to cover his illegal actions…all accounts or records contrary or in opposition to this, my factual account, are false fabrications made by Barlow because he knew his actions were wrong and may even be previously experienced or educated by someone with previous experience in cover ups. Although on information and belief, Barlow also falsified records to cover his actions in my "229" or confinement file. An inmate orderly had informed me that Barlow had claimed I was hitting myself and also writing such false statements in my file.

ECF Doc. 19 at 10.

The Plaintiff asserted the following claims in his Statement of Claims: (1) Eighth Amendment violations by Defendants for the beating on December 26, 2016;

Case No. 3:17cv909-LC-HTC

(2) First Amendment violations by Defendants because the beating was in retaliation for "writing grievances" and "filing grievances for the beating by Barlow" ; (3) First Amendment retaliation violation by Barlow for denying Plaintiff lunch on January 5, 2017 in retaliation for Plaintiff complaining about the beating; and (4) Eighth Amendment violations by Carr, Philips and Santiago for failing to intervene when Barlow was beating Plaintiff. ECF Doc. 19 at 13.

Defendant Barlow, later joined by Carr and Philips, move to dismiss the amended complaint on two (2) bases. ECF Doc. 40. First, they argue that Plaintiff's First and Eighth Amendment claims based on the beating itself are barred by the Supreme Court's holdings in *Heck v. Humphrey* and *Edwards v. Balisok* because a judgment in favor of Plaintiff would necessarily imply the invalidity of his conviction for a disciplinary infraction in the disciplinary action that flowed from the event. Specifically, the Defendants, referring to an exhibit to the Plaintiff's initial complaint, argue that the incident on December 26, 2016, upon which Plaintiff based his claim, was later addressed in a disciplinary hearing. The results of that disciplinary hearing were Plaintiff being found guilty of assault against a correctional officer, losing ninety (90) days of gain time, and being placed in disciplinary confinement for fifty (50) days. ECF Doc. 1. Second, Defendants argue

that they are protected by Qualified Immunity. Plaintiff responded in opposition, ECF Doc. 48, and the matter is ripe for adjudication.

**B. Discussion**

**1. Legal Standards for Motion to Dismiss**

In considering a motion to dismiss for failure to state a claim, the Court reads Plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), accepts all factual allegations in the complaint as true, and evaluates all reasonable inferences derived from those facts in the light most favorable to the Plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994). A few exceptions exist to this rule, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice. *See* 5B Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1357 (2008). Further, only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). Mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (noting courts "are not bound to accept

as true a legal conclusion couched as a factual allegation"); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009) (explaining conclusory allegations are not entitled to a presumption of truth).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The mere possibility the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *See id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or, "nudge[] the[] claim[] across the line from conceivable to plausible[.]" *Id.* at 570.

> 2. ***Heck* and *Balisok* Bars Plaintiff's Eighth Amendment Claims and First Amendment Claims Arising Out of the December 2016 Incident.**

Plaintiff alleges three (3) claims based on the December 26, 2016 incident. First, he alleges Defendants violated his Eighth Amendment rights by "inflicting cruel and unusual punishment by excessive misuse of force and/or unlawful battery." ECF Doc. 19 at 13.  Second, Plaintiff alleges that Defendants Carr, Phillips and

Case No. 3:17cv909-LC-HTC

Santiago violated his Eighth Amendment rights by failing "to intervene, deliberate indifference to [the December 26, 2016] beating." *Id*. Third, Plaintiff alleges the December 26, 2016 beating was a violation of his First Amendment rights because it occurred in retaliation "for redress of grievances." *Id*. Because a finding in favor of Plaintiff on those claims would necessarily invalidate the disciplinary action, Plaintiff's claims are barred by *Heck v. Humphrey,* 512 U.S. 477 (1994) and its progeny.

> In *Heck*, the Supreme Court held that:
>
> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486–87 (footnote omitted).

The Supreme Court has applied *Heck* to prisoners' claims challenging prison disciplinary actions, even when the prisoner does not explicitly seek reinstatement of lost good-time credits. *See Edwards v. Balisok,* 520 U.S. 641, 646, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (holding that *Heck* bars a prisoner's complaint that

Case No. 3:17cv909-LC-HTC

Page 10 of 19

"would, if established, imply the invalidity of the deprivation of his good-time credits").

Plaintiff in this case lost ninety (90) days of gain time because he was found guilty of an assault or attempted assault on a correctional officer for the December 26, 2016, incident in his cell.[2] ECF Doc. 19 at 20. In his First and Eighth Amendment claims regarding the beating itself, Plaintiff argues that Defendants entered the cell and used excessive force without good reason (ECF Doc. 19 at 5-6), and that Barlow later fabricated the story that Plaintiff was unresponsive and was hurting himself. ECF Doc. 19 at 10. A finding in favor of Plaintiff on those allegations would necessarily "imply the invalidity of" the disciplinary hearing that led to the "deprivation of his good-time credits." *Edwards v. Balisok,* 520 U.S. 641, 646, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). Therefore, under *Heck* and *Balisok*, Plaintiff's § 1983 claims for monetary damages arising out of the events that occurred on December 26, 2016, in his cell are barred.

Plaintiff argues in his response that his claims are not barred because he is seeking monetary damages for the alleged beating. Specifically, he states:

---

[2] Although the Plaintiff does not attach the disciplinary action records as exhibits to his First Amended Complaint, because they were included in the initial complaint, the Court may consider them in determining the motion to dismiss. *See Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009). Additionally, Plaintiff references the disciplinary action in his First Amended Complaint by contending that Barlow made "false fabrications" and "falsified records to cover his actions in my '229' or confinement file." ECF Doc. 19 at 10.

Case No. 3:17cv909-LC-HTC

> Plaintiff seeks only damages, NOT a speedier release and NOT expungement of the DR conviction related to the incident, NOR does he seek restoration of good-time credits and § 1983 is therefore proper and habeas corpus is inappropriate.  Furthermore, plaintiff does NOT challenge the legality or validity, which means the exact same thing in this case, of his DR, its hearing, NOR its results by contradicting defendant's statement in evidence, because there is NO constitutional right to NOT have false charges or evidence brought in an administrative disciplinary proceeding in prison.

ECF Doc. 48 at 2 (emphasis in Plaintiff's response).  Plaintiff is simply wrong.  Even if a Plaintiff is not directly attacking his disciplinary action, his claim is barred if success on the claim would necessarily imply the disciplinary charge was invalid:

> The *Balisok* case involved a state prisoner's claim that was limited to the procedures of his disciplinary hearing through which his good-time credits were revoked; it did not directly attack the revocation itself. Nonetheless, the Court held that the claim necessarily implied the invalidity of the punishment imposed and therefore could not be pursued unless the prisoner had succeeded in having the revocation penalty invalidated.

*Roberts v. Wilson*, 259 F. App'x 226, 228 (11th Cir. 2007) (citing *Edwards* 520 U.S. at 646–48, 117 S. Ct. at 1588–89).

Here, regardless of whether Plaintiff is seeking to restore his good time credits or only monetary damages, either relief would necessarily be premised on this Court's disagreement with the disciplinary action. For example, in support of his First Amendment claim, Plaintiff alleges that Defendants engaged in "excessive misuse of force and unlawfull (sic) battery," (ECF Doc. 19) and were "illegally beating [him]" (ECF Doc. 19, p. 7).  As stated above, he alleges that the Defendants inflicted "cruel and unusual punishment by excessive misuse of force and/or

unlawful battery" (ECF Doc. 19, p.7). He further alleges that Defendants Carr, Phillips and Santiago failed to intervene "to stop Barlow from using what was essentially deadly force and premediated attempted murder (because of the foot plus think solid concrete floor) on a defenseless, non-resisting inmate." ECF Doc. 19, p. 8). The findings from the disciplinary action for the December incident state, however, that "[i]n order to prevent injuries to staff, it became necessary to utilize reactionary force." Thus, for the Court to find for Plaintiff on his First Amendment and Eighth Amendment claims, the Court would necessarily have to disagree with the disciplinary action and find, instead, that Plaintiff was wrongfully assaulted and that the force used by Defendants on that day was not "reactionary" or "necessary" but, instead, excessive.

Plaintiff also contends that Barlow lied during the disciplinary action and that the disciplinary action was wrongly decided – findings, which if made, would also be contrary to the disciplinary action. Because a finding in favor of the Plaintiff on these claims would necessarily imply the invalidity of the disciplinary charge, this case is very different from the facts before the court in *Davis v. Hodges*, 481 F. App'x. 553, 555 (11th Cir. 2012). In that case, the Eleventh Circuit allowed the constitutional claims to proceed because "[t]he disciplinary report does not otherwise describe the elements of the infraction, so we cannot say that Davis's

allegations would necessarily invalidate the revocation of his gain-time credits." Therefore, Plaintiff's claims are barred as a matter of law by *Heck* and its progeny.

Moreover, although the United States Supreme Court recognized in *Muhammad v. Close,* 540 U.S. 749, 754, 124 S. Ct. 1303, 158 L. Ed. 2d 32 (2004), that *Heck* is not categorically applicable to all suits challenging prison disciplinary actions, *Muhammad* does not save Plaintiff's claims here. Unlike the facts in *Muhammad*, where no good-time credits were eliminated by the challenged prison action and, thus, the prisoner's § 1983 suit could not be construed as seeking a judgment at odds with his conviction or sentence, the Plaintiff's disciplinary action here arising out of the December 26, 2018, incident did result in a reduction of good-time credits.

### 3.   Plaintiff's Claims of Retaliation After Complaining About Use of Force

Plaintiff also appears to be alleging claims of retaliation, in violation of the First Amendment, against Barlow for events that occurred after the December 2016 incident. Plaintiff alleges that, "Barlow retaliated against me for exercising my 1st amendment right again on 1-5-17, by intentionally refusing to feed me lunch." ECF Doc. 19 at 11. Although not specifically set out in his "Statement of Claims," Plaintiff also alleges that, "later in the week [after the December 26, 2018 incident], Barlow came to my cell with 2 other officers from the annex to gloat and

psychologically harass me. Barlow asked me in front of them 'who did that?' referring to my swollen, bruised, battered and bloodied face. I replied 'he did' while pointing directly at Barlow. Barlow and the officers proceeded to laugh and smile at the fact that Barlow injured." ECF Doc. 19 at 10-11. Plaintiff's claim that Barlow retaliated against him for filing a grievance after the event in his cell does not necessarily imply the invalidity of the disciplinary conviction and, therefore, such claims are not be barred by *Heck* and *Balisok*.

Nonetheless, Plaintiff's First Amendment claim of retaliation against Barlow fails for the separate reason that it is vague, conclusory and, as alleged, does not rise to the level of a constitutional violation. In *Bennett v. Hendrix,* 423 F.3d 1247, 1249-50 (11th Cir. 2005), *cert. denied,* 549 U.S. 809, 127 S. Ct. 37, 166 L. Ed. 2d 17 (2006), the Eleventh Circuit adopted a three-part test for determining whether a plaintiff has an actionable First Amendment retaliation claim. Under the test, a plaintiff must establish: (1) that his speech or act was constitutionally protected; (2) that the defendant's retaliatory conduct adversely affected the protected speech; and (3) that there is a causal connection between the retaliatory actions and the adverse effect on speech. *Id.* at 1250.

The *Bennett* panel held that "[a] plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary

firmness from the exercise of his First Amendment rights." *Id.* at 1254. Here, the alleged retaliatory conduct by Barlow consists of the denial of a single meal and vague allegations of psychological harassment. Plaintiff cannot show that Barlow's alleged retaliatory conduct of denying him a single meal would likely deter a person of ordinary firmness from the exercise of First Amendment rights. *See, e.g., Wheeler v. Maddox,* No. 5:15-CV-232-WTH-GRJ, 2017 WL 9440399, at *5 (N.D. Fla. June 27, 2017)*, report and recommendation adopted sub nom., Wheeler v. Johnson*, No. 515CV00232WTHGRJ, 2017 WL 4810002 (N.D. Fla. Oct. 25, 2017) (finding no constitutional violation where Plaintiff was denied 28 meals over the course of 19 months by defendants and two other individuals).

Similarly, Plaintiff's generalized allegations of psychological harassment are also insufficient to state a cause of action for retaliation under the First Amendment. Plaintiff's allegations are limited to the fact that Barlow and other officers "proceeded to laugh and smile at the fact that Barlow had injured me." ECF Doc. 19, p. 11. Plaintiff fails to indicate what, if any, deterrence the alleged harassment had on the exercise of his First Amendment rights. Vague and conclusory allegations, such as those alleged by the Plaintiff here, have been consistently rejected for failing to rise to the level of a constitutional violation. *See e.g., Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) ("In civil rights …actions, courts

have recognized that more than mere conclusory notice pleading is required. In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory"); *Magwood v. Beem*, 2015 WL 796242, *13 (N.D. Fla. Feb. 25, 2015) ("In general, courts have held that verbal harassment, abuse, or taunting is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983"); *McDaniels v. CCDC*, 2008 WL 282485, *4 (S.D. Ga. Jan. 31, 2008) (finding allegations insufficient where Plaintiff "merely submit[ted] a general allegation that he was verbally abused as a result of his grievance appeal"); *Oliver v. Whitehead*, 2017 WL 26860, *6 (M.D. Fla. Jan. 3, 2017) (granting motion to dismiss claims of retaliation based on of verbal abuse or harassment). Plaintiff's First Amendment claim regarding alleged retaliation after complaining about the December 2016 beating should, therefore, also be dismissed.

## 4. Qualified Immunity

The Defendants would also be protected by Qualified Immunity in this case. The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Qualified immunity balances two important interests—the need to hold public officials

accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. The protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Groh v. Ramirez*, 540 U.S. 551, 567, 124 S. Ct. 1284, 157 L. Ed. 2d 1068 (2004) (KENNEDY, J., dissenting) (quoting Butz v. Economou, 438 U.S. 478, 507, 98 S. Ct. 2894, 57 L. Ed. 2d 895 (1978), for the proposition that qualified immunity covers "mere mistakes in judgment, whether the mistake is one of fact or one of law").

Because qualified immunity is "an immunity from suit rather than a mere defense to liability ... it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (emphasis deleted). Indeed, the "driving force" behind creation of the qualified immunity doctrine was a desire to ensure that "'insubstantial claims against government officials [will] be resolved prior to discovery." *Anderson v. Creighton*, 483 U.S. 635, 640, n. 2, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987). Accordingly, the Supreme Court has "repeatedly [] stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991) (per curiam).

Case No. 3:17cv909-LC-HTC

In *Saucier v. Katz*, 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001), the Court mandated a two-step sequence for resolving government officials' qualified immunity claims. First, a court must decide whether the facts that a plaintiff has alleged (*see* Fed. Rules Civ. Proc. 12(b)(6), (c)) or shown (*see* Rules 50, 56) make out a violation of a constitutional right. 533 U.S., at 201, 121 S. Ct. 2151. Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. *Id*. Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right. *Anderson, supra*, at 640, 107 S.Ct. 3034.

Here, for the reasons given above, Plaintiff cannot show that a constitutional violation occurred in the first place. Thus, Plaintiff cannot satisfy the first step of the *Saucier* analysis. Moreover, the Supreme Court instructs that once a court determines that a plaintiff does not meet the first prong of the qualified immunity analysis, by failing to prove a constitutional violation, the Court need not address the second in finding that qualified immunity applies. *Pearson v. Callahan*, 555 U.S. 223, 232, 129 S. Ct. 808, 816 (2009). Accordingly, qualified immunity is applicable to the Defendants because Plaintiff cannot show a constitutional violation occurred in this case.

### III. Conclusion

For the foregoing reasons, it is respectfully RECOMMENDED that

1. Defendant Barlow's Motion to Dismiss, ECF Doc. 40, as adopted by Defendants Carr and Philips, ECF Docs. 49 and 56, be GRANTED, and Plaintiff's claims against Defendants Barlow, Carr and Philips be dismissed.

2. Plaintiff's claims against Defendant Santiago be dismissed under Federal Rule of Civil Procedure 4(m) for failure of timely service.

3. The Clerk be directed to close the file.

DONE AND ORDERED this 12th day of April, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 3:17cv909-LC-HTC